USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUN 2 0 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
:
180 VARICK, LLC,                                                    :
                                                                    :     13 Civ. 2138 (KBF)
                                      Plaintiff,                    :
                                                                    :     MEMORANDUM
                   -v-                                              :     OPINION & ORDER
                                                                    :
THINK PASSENGER, INC.,                                              :
                                                                    :
                                                                    :
                                      Defendant.                    :
------------------------------------------------------------------- X

KATHERINE B. FORREST, District Judge:

      This commercial landlord-tenant dispute alleging nonpayment of rent for a commercial property is a summary proceeding that is better heard in state court. Defendant Think Passenger, Inc. ("Think") removed this action on the basis of diversity jurisdiction from the Civil Court for the City of New York (the "Civil Court") on April 1, 2013. (Not. of Removal, ECF No. 1.) Plaintiff 180 Varick, LLC ("Varick") now seeks remand to the Civil Court and attorneys fees incurred in the preparation of its motion.

      For the reasons stated below, plaintiff's motion to remand is GRANTED. Its request for attorneys fees and costs is DENIED.

Factual and Procedural Background

      Defendant is a Delaware corporation headquartered in Los Angeles, CA. (Not. of Removal ¶ 7.) Plaintiff is a New York Limited Liability Company headquartered in New York City. (Id. ¶ 6.) Plaintiff's sole member is a citizen of

1

New York. (See Letter from Jeffrey Klarsfeld, Esq., to Hon. Katherine B. Forrest ("Klarsfeld Letter"), June 18, 2013, ECF No. 18.)

On July 28, 2008, the parties entered into a commercial lease for space at 180 Varick St. in Manhattan, covering the period September 15, 2008 - September 30, 2013. (Aff. of Steven Martin in Suppt. of Mot. to Remand ("Martin Aff.") Ex. A, ECF No. 6.) Plaintiff alleges that defendant has failed to pay rent and expenses since January 1, 2013. (Compl., Martin Aff. Ex. C.) Plaintiff seeks $46,757.34 in rent arrears, as well as defendant's eviction. (Id. ¶ 4.) The parties agree that the value of the relief requested exceeds $75,000. (See Not. of Removal ¶ 8, Klarsfeld Letter.)

On April 1, 2013, defendant filed a Notice of Removal on the basis of diversity jurisdiction, pursuant to 28 U.S.C.A. § 1332(a)(1). In its answer, defendant asserted counterclaims for unjust enrichment and promissory estoppel, related to the $194,400 security deposit retained by plaintiff. (Not. of Removal ¶ 8; id. Ex. E.)

Remand to State Court

Plaintiff seeks to remand this action to state court, arguing that this Court lacks subject matter jurisdiction and should follow a tradition of federal court abstention in landlord-tenant matters. Defendant argues that once the statutory requirements for federal diversity jurisdiction – complete diversity and an amount in controversy in excess of $75,000 – are satisfied, this Court must hear the case. In the landlord-tenant context, however, the Court will abstain.

Removal of an action filed in state court to federal court is proper in "any civil action . . . of which the district courts of the United States have original

jurisdiction." 28 U.S.C.A. § 1441(a).  If a case is not properly before the district court for lack of jurisdiction, "the case shall be remanded." 28 U.S.C.A. § 1447(c).  A case where diversity jurisdiction is proper – e.g., "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States " – is one type of original jurisdiction. 28 U.S.C.A. § 1332(a)(1).

"Even if diversity jurisdiction exists, removal is proper only if the court had original jurisdiction of the matter. Removal acts to the prejudice of state court jurisdiction and the privilege, therefore, is to be strictly construed. " Glen 6 Associates, Inc. v. Dedaj, 770 F. Supp. 225, 227-28 (S.D.N.Y. 1991).

Defendant here argues that removal was proper because diversity jurisdiction exists (i.e., the parties are completely diverse and the amount in controversy exceeds $75,000). 28 U.S.C.A. § 1332(a)(1).

Plaintiff does not dispute that prerequisites for diversity jurisdiction are satisfied.[1]  However, plaintiff argues – and the Court agrees – that this Court lacks original jurisdiction to hear summary proceedings, such as New York eviction actions. This court agrees with the analysis of the District Court in Dedaj, which held:

> [A] summary process and a plenary civil trial, shaped by the federal rules, are very different. In light of Hanna v. Plumer and its progeny, unless there

---

[1] At the request of the Court, plaintiff LLC submitted a letter confirming that its sole member is a citizen of New York, meaning that the parties are completely diverse. (See Klarsfeld Letter.) See also Handelsman v. Bedford Vill. Associates Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000)("[F]or purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership."). In addition, it does not dispute that it seeks recovery in excess of $75,000. (Id.)

3

is express statutory authorization . . . or compelling reasons . . . a federal court cannot allow proceedings more summary than the full court trial at common law.

Dedaj, 770 F. Supp. at 227-28.

Plaintiff here brought its action in the New York City Civil Court pursuant to a summary procedure unique to the state courts. The procedure is designed to afford landlords a streamlined process by which to resolve nonpayment of rent cases, without the expense of discovery and motion practice as would be permitted in federal court. Defendant's assertion of common law counterclaims does not alter this analysis; the propriety of removal jurisdiction is determined from the face of the complaint, not from any counterclaims.[2] See, e.g., Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002)(defendant's counterclaim cannot provide basis for federal question removal); Kaplan v. Computer Sciences Corp., 148 F. Supp. 2d 318, 321 (S.D.N.Y. 2001)(it is "inappropriate in a removed case to consider the amount of Defendant's counterclaim in assessing the amount in controversy for jurisdictional purposes."). Therefore, as a summary action such as that brought by plaintiff could not have been brought originally in this Court, remand is appropriate. 28 U.S.C. § 1441(a).

---

[2] Further, the lease between the parties contains a clause disclaiming the right to bring counterclaims, which may render moot any jurisdiction-conferring aspect of those counterclaims. (Lease Art. 32, Marvin Aff. Ex. A.) Given its analysis above, the Court shall not decide whether that provision is enforceable.

Abstention

Even if removal were proper under § 1441, the Court would abstain from hearing this action. It is true that abstention is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-89 (1959). However, it is the widespread view of courts in this District that "landlord/tenant disputes concerning failure to pay rent . . . do not implicate, in any way, federal rights. Moreover, the state of New York has, through its legislature and its courts, developed a system of administering its law governing possession of real estate which is both fair and efficient." Dedaj, 770 F. Supp. 225, 228 (S.D.N.Y. 1991); see also United Mut. Houses, L.P. v. Andujar, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002) (noting that "[t]ime and again, district courts have disclaimed jurisdiction over landlord-tenant disputes and returned them to Housing Court"). Thus, even if the statutory requirements for removal jurisdiction (i.e., an action with original jurisdiction in this Court, complete diversity of the parties, and an amount in controversy in excess of $75,000) had been met, the Court would abstain in deference to the state courts.

Attorneys Fees and Costs

As a final matter, plaintiff seeks an award of attorneys fees and costs incurred due to removal. While the Court has discretion to award attorneys fees in association with an order of remand, see 28 U.S.C. § 1447(c), it declines to do so here. Plaintiff has not demonstrated that the "nature of the case, the circumstances

5

of the remand, and the effect on the parties" merit a fee award. <u>Morgan Guar. Trust Co. of New York v. Republic of Palau</u>, 971 F.2d 917, 924 (2d Cir. 1992) (citation and quotation marks omitted). Rather, this is a case involving a commercial relationship between two sophisticated business entities, and plaintiff has not shown any prejudice will result by the delays incurred whilst awaiting this Order.

## CONCLUSION

For the reasons set forth above, plaintiff's motion to remand is GRANTED. Its motion for attorney's fees and costs is DENIED.

The Clerk of Court is directed to close the motion at ECF No. 5 and to remand this case to the Civil Court of the City of New York.

SO ORDERED.

Dated: New York, New York
     June 20, 2013

                                              KATHERINE B. FORREST
                                              United States District Judge